OPINION
Defendant-appellant, Ervin Butler, proceeding prose, appeals the decision of the Butler County Court of Common Pleas denying his motion to withdraw his guilty plea. We affirm.
 On October 6, 1993, appellant appeared before the Butler County Court of Common Pleas and plead guilty to felonious assault in violation of R.C. 2903.11(A) (2) with a firearm specification pursuant to R.C. 2941.14.1. Appellant waived his right to indictment by a grand jury and his right to a jury trial. Appellant also waived the waiting period after the service of the bill of information. The court accepted the plea and sentenced appellant to three to fifteen years on the felonious assault charge and to an additional three years as to the specification.
On February 1, 1999, appellant filed a motion to withdraw his guilty plea pursuant to Crim. R. 32.1. Appellant alleged that due to errors in the information, no valid specification existed. In particular, the specification portion of the information stated: "the Grand Jurors further find and specify pursuant to Revised Code Section 2941.14.1 that the defendant Ervin Butler had a firearm on or about his person or control while committing the offense." Appellant argued that since the grand jurors did not certify the specification, and the words "Grand Jurors" were inserted instead of the prosecuting attorney's name, the specification was invalid. The trial court found the typing of the words "Grand Jurors" was a mere clerical error and denied the motion on June 28, 1999. Appellant filed this appeal, raising the following assignment of error for our review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND PREJUDICED THE SUBSTANTIVE RIGHTS OF THE ACCUSED BY IMPOSING A THREE YEAR TERM OF ACTUAL INCARCERATION UPON THE DEFENDANT FOR HAVING A FIREARM ON OR ABOUT HIS PERSON, WHICH IS PRECLUDED UNLESS THE INFORMATION SPECIFIES THAT THE PROSECUTING ATTORNEY FURTHER FINDS AND PRESENTS THAT THE OFFENDER HAD A FIREARM ON OR ABOUT HIS PERSON OR UNDER HIS CONTROL WHILE COMMITTING THE OFFENSE.
Appellant alleges that since the specification section of the information mentions "the Grand Jurors" and the document is not certified by the foreman of the grand jury, and the prosecuting attorney's name does not appear where appropriate, the specification is invalid and the trial court should have granted his motion to withdraw his plea.
Appellant's motion was made pursuant to Crim.R. 32.1 which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant seeking to withdraw his guilty plea after sentencing bears the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. A post-sentence withdrawal of a guilty plea is allowable only in extraordinary cases. Id. at 254.
The decision to allow or deny a motion to withdraw a guilty plea after sentencing is within the sound discretion of the trial court and in making its decision, the trial court has authority to determine the "good faith, credibility and weight of the movant's assertions." Id. at paragraph two of the syllabus. On appeal, an appellate court's review is limited to a determination of whether the trial court abused its discretion in denying the motion.State v. Blatnik (1984), 17 Ohio App.3d 201.
On October 6, 1993, when appellant appeared before the trial court and entered his plea, the trial court explained to appellant his right to an indictment by the grand jury. Appellant was represented by counsel and voluntarily waived this right after it was explained to him by the trial court. Appellant also signed a written waiver of indictment. The evidence indicates that appellant made an informed waiver of his right to a grand jury indictment.
The trial court then explained to appellant that he was entitled to a twenty-four hour waiting period between the service of the bill of information and his plea. Appellant stated that he wished to waive the waiting period and to plead guilty to the information. The trial court explained the rights appellant would be giving up if he chose to plead guilty and the penalties associated with both the felonious assault charge and the firearm specification. In response to the trial court's questioning, appellant stated that he was satisfied with the advice of his counsel. Appellant then pled guilty to the charges in the information. The trial court accepted appellant's plea. The evidence indicates appellant's guilty plea was made knowingly, intelligently, and voluntarily.
We find no abuse of discretion in the trial court's finding that the typing of the words "grand jury" was merely a clerical error which did not require the signature of the grand jury foreman. There is competent evidence to indicate that appellant understood he was pleading guilty to an information and that the addition of the words "grand jury" was merely clerical error. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.